UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORA VANVLIET,

    Plaintiff,

                                    Case No:

v.

LIBERTY HYUNDAI, INC.,
LIBERTY CHEVROLET, INC.,

    Defendants.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Lora Vanvliet (hereinafter "Plaintiff"), by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendants states as follows:

1. Plaintiff, Lora Vanvliet, is a resident of the City of Howell, County of Livingston and State of Michigan.

2. Defendant, Liberty Hyundai, Inc. ("Hyndai") is a Michigan

corporation duly authorized to do business in the southeastern district of Michigan and whose resident agent is Jay Feldman, and whose registered office address is 30492 Lyon Center Drive, New Hudson, MI 48165.

3. Defendant, Liberty Chevrolet, Inc., ("Chevrolet") is a Michigan corporation duly authorized to do business in the southeastern district of Michigan and whose resident agent is Jay Feldman, and whose registered office address is 30400 Lyon Center Drive, New Hudson, MI 48165.

4. Defendant, Liberty Hyundai, Inc., and Defendant, Liberty Chevrolet, Inc., are part of Feldman Automotive Group under the same ownership. Together, these two defendants will hereinafter be referred to as "Defendants."

5. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

7. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment consisting of disability discrimination, sexual harassment, and retaliation in violation of the Americans with Disabilities Act of 1990, Title VII, the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq.*, and the Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq.*, which resulted in

2

emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. On or about June 10, 2019, Plaintiff began her employment with Defendant, Liberty Chevrolet Inc. as a Sales Agent.

10. In or around August 2019, Plaintiff was transferred to Liberty Hyundai, Inc. to work as a Business Development Coordinator.

11. Shortly after Plaintiff was transferred to Liberty Hyundai, Inc., Plaintiff began to be sexually harassed by her co-worker, Steven LaPlante.

12. Steven LaPlante would explicitly describe to Plaintiff sexual favors that he wanted her to perform despite her repeated comments to stop.

13. For over a month and a half, LaPlante would make sexual comments to Plaintiff on a daily basis.

14. On or about September 13, 2019, LaPlante ran his hand up Plaintiff's leg to her private area in front of a customer.

15. Plaintiff immediately complained to Defendant Hyundai manager and Steven LaPlante was terminated.

16. Several weeks later LaPlante was rehired by Defendant, Hyundai's sister store, Defendant, Chevrolet.

3

17. Liberty Chevrolet Inc. is located directly next door to Liberty Hyundai Inc. and there is substantial interaction of employees between the two Defendants.

18. After starting at Liberty, LaPlante would come into the office of Hyundai, Inc., to sexually harass Plaintiff.

19. Other co-workers, including but not limited to Lance Ebey, knew of this harassment and told LaPlante to leave on several occasions.

20. Plaintiff repeatedly complained of this harassment to HR, but Defendants refused to take remedial measures.

21. For many years, Plaintiff has suffered from Autoimmune Disease, Multiple-Sclerosis ("MS") and Rheumatoid Arthritis which substantially interfere with major life activities and are disabilities under the Americans with Disabilities Act ("ADA").

22. These diseases make her particularly vulnerable to infections.

23. On or around February 2, 2020 Plaintiff was bed-ridden due to her disability.

24. On or around February 4, 2020, Plaintiff returned to work for the day returned to work on February 4, 2020 for one day, but her symptoms persisted and she requested an accommodation to stay home until February 10th.

25. On or around February 5, 2020, Plaintiff came in to Defendant's office and requested an accommodation to stay at home until February 10, 2020.

26. When Plaintiff returned to work on or about February 10, 2020, she was terminated.

27. At all times relevant, Plaintiff was acting as an employee of Defendants.

28. Defendants, through their agents, representatives and employees, were predisposed to sexually harass and discriminate against Plaintiff on the basis of her gender and acted in accordance with that predisposition.

29. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

30. On or about June 23, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") for sexual harassment, discrimination based on disability and unlawful retaliation.

31. On or about May 20, 2021, the EEOC issued a Right to sue letter, which Plaintiff received a few days later.

## COUNT I
## HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT

32. Plaintiff incorporates by reference paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33. Plaintiff belongs to a protected class as a female.

34. Plaintiff was subjected to communications and conduct on the basis of sex.

5

35. Plaintiff was subjected to unwelcome sexual communication and conduct.

36. The unwelcome sexual conduct and communication was intended to and did substantially interfere with Plaintiff's employment and/or created an intimidating, hostile, or offensive work environment.

37. Pursuant to Title VII of Civil Rights Act of 1964, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment from their employer and/or supervisors based upon sex.

38. Defendants created a hostile work environment for Plaintiff on the basis of sex and as a result of Plaintiff's sex and her complaints of sexual harassment.

39. Defendants were Plaintiff's employer within Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*.

40. Plaintiff has been subjected to repeated and continuous harassment and discriminatory treatment based upon her sex by Defendants, their employees and agents to the point where her status as an employee has been detrimentally affected and she was terminated.

41. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA

§37.2101, *et seq*., as a result of each and every violation of the act, including costs and reasonable attorney's fees.

42. Defendants and their agents, employees and representatives breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by engaging in sexual harassment in the workplace;

   b. Retaliating against employees who make complaints of discrimination and harassment;

   c. Constructively discharging employees as part of the sexual harassment and/or retaliation, and

   d. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful.

43. Defendants owed Plaintiff as a female employee, a duty to adequately advise their employees to refrain from discriminating against employees.

44. Defendants breached and violated their duty owed to Plaintiff, by reason of the following acts and/or omissions:

   a. Failing to prevent or stop sexual harassment against Plaintiff causing a hostile work environment;

   b. Taking adverse employment action against Plaintiff due to her gender including terminating her;

   c. Retaliating against Plaintiff for her complaints of sexual harassment;

   d. Discharging Plaintiff in retaliation for Plaintiff's complaints of sex harassment.

7

45. Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

46. The harassing actions were done in front of both customers and other employers and therefore knowledge, notice and liability are imputed to Defendants.

47. As a direct and proximate result of the actions of the Defendants Plaintiff was the subject of discriminatory conduct on the part of the Defendants as well as Defendants' agents and employees.

48. Because of the unlawful conduct of Defendants, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages, including humiliation, embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT II
## AMERICANS WITH DISABILITIES ACT OF 1990

49. Plaintiff incorporates by reference paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. At all times relevant Plaintiff suffered from autoimmune disease, multiple sclerosis, and rheumatoid arthritis, disabilities under the ADA, which Defendants regarded as disabilities and which substantially interfere with major life activities.

51. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disability.

52. Plaintiff's disabilities were a factor in employment decisions.

53. Defendants are employers within the meaning of the ADA.

54. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon her disabilities, her perceived or regarded disabilities, and her request for accommodations, by Defendants, their employees and agents to the point where her status as an employee has been detrimentally affected.

55. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

56. Defendants and their agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for her disabilities.

    b. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law-abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace; and

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees.

57. As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants, and their agents and employees.

58. Because of the unlawful conduct of Defendants, and their agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## VIOLATIONS OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

59. Plaintiff incorporates by reference Paragraphs 1 through 58 above as though more fully set forth herein.

60. Plaintiff suffers from autoimmune disease, multiple sclerosis, and rheumatoid arthritis which are disabilities under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA).

61. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from her employment by her employer and/or supervisors based upon her disabilities.

62. Plaintiff's disabilities were a factor in Defendants employment decisions, including, but not limited to refusing to accommodate her.

63. Defendants are employers within the meaning of the PWDCRA.

64. Plaintiff has been subjected to discriminatory treatment based upon her disabilities by Defendants, its employees and agents to the point where her status as an employee has been detrimentally affected and she was refused reasonable accommodations by Defendants.

65. Plaintiff is entitled to exemplary and compensatory damages pursuant to the PWDCRA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

66. Defendants and their agents, employees and representatives violated the PWDCRA by reason of the following acts and/or omissions:

   a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

   b. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disabilities.

67. Defendants owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

68. As a direct and proximate result of Defendants' discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

   a. Economic damages;

   b. Mental anguish;

   c. Embarrassment;

   d. Anxiety;

   e. Emotional distress;

  f. Loss of self-esteem.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary and compensatory damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT IV
## RETALIATION

69. Plaintiff incorporates by reference paragraphs 1 through 68 of the Complaint as though fully set forth herein.

69. Pursuant to Title VII, the Americans with Disabilities Act of 1990, the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., and the Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq*., Plaintiff is guaranteed the right to be free from discrimination from her employer and/or supervisors based upon sex and her gender and her disabilities.

70. Plaintiff's sex and disabilities were a factor in Defendants' employment decisions.

71. Defendants were Plaintiff's employers within the meaning of Title VII, the Americans with Disabilities Act of 1990, and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq*., and Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq*.

72. During the course of her employment with Defendants, Plaintiff was

subjected to unwelcome sexual harassment and discrimination based on her disabilities.

73. The sexual harassment created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

74. Plaintiff complained to Defendants, that she was being discriminated she was being subjected to a hostile work environment due to the sex harassment, and her disabilities.

75. Defendants had actual and constructive notice that they were creating an intimidating, hostile and offensive work environment for Plaintiff.

76. Despite having notice of the sexual harassment of Plaintiff, Defendants failed to take any remedial action, but instead took adverse employment action against Plaintiff in retaliation for her complaints of sexual harassment and because of her disabilities.

77. The sexual harassment and conduct by Defendants and Defendants' failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

78. The discrimination on the basis of Plaintiff's disabilities violates the Americans with Disabilities Act of 1990, and the Michigan Persons With Disabilities Act, MCLA §37.1101, *et seq*.

79. As a result of Plaintiff's complaints of sexual harassment, Defendants, including its employees, agents and representatives retaliated against Plaintiff by terminating her.

80. Plaintiff is entitled to exemplary, compensatory, and punitive damages pursuant to Title VII, and the Michigan Elliott-Larsen Civil Rights Act, MCLA §37.2101, *et seq*. as a result of each and every violation of the act, including costs and reasonable attorney's fees.

81. As a proximate result of the Defendant's retaliation of Plaintiff, Plaintiff has sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor against Defendants in an amount in excess of $75,000.00, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: August 12, 2021

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Lora Vanvliet, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated:  August 12, 2021